FILED: RENSSELAER COUNTY CLERK 09/03/2020 01:07 PM   INDEX NO. EF2020-266934
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 09/03/2020

Case 1:20-cv-01281-TJM-CFH   Document 2   Filed 10/16/20   Page 1 of 21

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RENSSELAER**

_____

DALILA YEEND and BOUNNAM PHIMASONE :

                     Plaintiffs,           :         Index No.:

v.                            :         Date Filed:

AKIMA GLOBAL SERVICES, LLC a/k/a AGS   :        Plaintiffs designate Rensselaer
                                        :         County as the place of trial.

                                        :         Venue is based on the location where
                Defendants.       :         Plaintiff Dalila Yeend resides.

_____ :         **<u>SUMMONS</u>**

**TO THE ABOVE NAMED DEFENDANTS:**

       You are hereby summoned to serve upon Plaintiffs' attorneys an answer to the complaint

in this action within 30 days after service of this summons. In case of your failure to answer,

judgment will be taken against you by default for the relief demanded in the complaint.

Dated:  September 3, 2020

                                        WORKER JUSTICE CENTER OF
                                        NEW YORK

                                        <u>/s/ Robert McCreanor</u>
                                        By: Robert McCreanor, Esq.
                                        Maureen Hussain, Esq.
                                        Laura Revercomb, Esq.
                                        Dan Getman, Esq., Of Counsel
                                        9 Main Street
                                        Kingston, New York 12401
                                        (845) 331-6615

                                        Attorneys for Plaintiffs

EXHIBIT 3

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RENSSELAER**

————————————————————

DALILA YEEND and BOUNNAM PHIMASONE :

Plaintiffs,

v.

AKIMA GLOBAL SERVICES, LLC a/k/a AGS

Defendant.

————————————————————

| | |
|---|---|
| : | |
| : | |
| : | **COMPLAINT** |
| : | |
| : | Index No.: |
| : | |
| : | Date Filed: |
| : | |
| : | **JURY TRIAL REQUESTED** |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | |
| : | |

## **COMPLAINT**

Plaintiffs Dalila Yeend and Bounnam Phimasone, by their attorneys Worker Justice Center of New York, state and allege as follows:

### I. PRELIMINARY STATEMENT

1. While detained at the Buffalo Federal Detention Center in Batavia, New York ("Detention Center" or "Batavia"), Plaintiffs Dalila Yeend and Bounnam Phimasone ("Plaintiffs") were employed by Defendant Akima Global Services, LLC ("AGS"), the large for-profit corporation that operates the civil detention center. AGS failed to pay them wages for their labor, instead giving them $1 a day in commissary credit for their labor, regardless of the number of hours they worked.

2. AGS contracts with the federal government to confine immigrants at the detention center and is paid a daily rate for each bed filled per day.

Case 1:20-cv-01281-TJM-CFH   Document 2   Filed 10/16/20   Page 3 of 21

3.     AGS hires non-detained employees to work in its kitchen and perform maintenance work, similar to that which it has Plaintiffs do. Plaintiffs believe these workers are paid at market rates for their labor. AGS increases its profits by failing to pay Plaintiffs and other detainees for their work.

4.     Despite its status as a federal contractor, AGS depresses local wages and exploits detainees by using the labor of detainee-employees, many of whom are being held without ever committing a crime and many of whom are being held in indefinite detention, for performing essential functions.

5.     AGS's captive workforce is not paid the New York State minimum wage. AGS's employment of detainee-labor violates the New York State Constitution, Art. III, Sec. 24, and New York's minimum wage laws, NYLL § 650, *et seq*. and constitutes unjust enrichment.

6.     Plaintiffs have now been released from immigration detention and reside lawfully in New York. They seek damages and declaratory and injunctive relief for Defendant's willful violations of the New York Constitution and Labor Law.

## II.     JURISDICTION AND VENUE

7.     This Court has jurisdiction over Defendant AGS pursuant to N.Y. C.P.L.R. § 302 as, at all times relevant herein, Defendant AGS regularly transacted business within the State of New York and contracted to supply goods or services within the state of New York.

8.     Venue is proper in this Court pursuant to N.Y. C.P.L.R. § 503 because Plaintiff Dalila Yeend resides in Rensselaer County.

## III.     THE PARTIES

9.     Plaintiff Dalila Yeend is an adult individual and resident of the State of New York,

2

Rensselaer County.

10.    Plaintiff Bounnam Phimasone is an adult individual and resident of the State of New York, Oneida County.

11.    Defendant AGS is a Foreign Limited Liability Company operating in Genesee County, New York and at all times relevant to this complaint, operated the Batavia Detention Center located at 4250 Federal Drive, Batavia, New York 14020.

12.    At all times relevant to this Complaint, Plaintiffs were employees of Defendant as that term is defined by NYLL §§ 190(2) and 651(5), 12 N.Y.C.R.R. § 142-2.14(a).

13.    Upon information and belief, at all times relevant to the Complaint, Defendant made all relevant decisions regarding Plaintiffs' wages, working conditions, and employment status at Batavia Detention Facility.

14.    At all times relevant to the Complaint, Defendant had the power to hire and fire Plaintiffs, set their wages, retain time and/or wage records, and otherwise control the terms and conditions of Plaintiffs' employment at Batavia Detention Facility.

15.    At all times relevant to the Complaint, Defendant had the power to stop any illegal pay practices at Batavia Detention Facility.

16.    At all times relevant to the Complaint, Defendant was an employer of Plaintiffs as that term is defined by of NYLL §§ 190(3) and 651(6) and employed Plaintiffs and permitted them to work within the meaning of NYLL §§ 2(7) and 651(5), and 12 N.Y.C.R.R. § 142-2.14(a).

17.    At all times relevant to the Complaint, Plaintiffs' work, or the product or profit of their work, was farmed out, contracted, given or sold to Defendant, in violation of New York State Constitution, Art. III, Sec. 24.

## IV.    STATEMENT OF FACTS

3

18. The Department of Homeland Security ("DHS") contains the agency United States Immigration and Customs Enforcement ("ICE"), whose mission is to "promote homeland security through the criminal and civil enforcement of federal laws governing border control, customs, trade and immigration." ICE has over 20,000 employees deployed across all fifty states, the District of Columbia, and in numerous foreign countries. In 2019, ICE's budget exceeded eight billion dollars.

19. ICE detains individuals, including victims of torture, asylum seekers, survivors of human trafficking, victims of crimes, individuals who were brought to the United States as children, U.S. citizens, lawful permanent residents with significant ties to their local community, and others who are awaiting resolution of various immigration matters. Many of these individuals (including each of the Plaintiffs) are released back into the United States following a period of detention.

20. ICE effectuates this mass incarceration of immigrants by contracting with private, for-profit corporations, including Defendant, which manages operations for the civil detention center at Batavia.

21. Upon information and belief, Defendant AGS earns millions of dollars, paid for by taxpayers, each year.

22. AGS's profits are enhanced by taking the Plaintiffs' labor without payment of wages as required by law.

23. Defendant AGS's contract with ICE requires AGS to comply with state and local laws.

24. The New York State Constitution, Article III, Sec. 24 proclaims that, "no person in any [] prison, penitentiary, jail or reformatory, shall be required or allowed to work, while under sentence thereto, at any trade, industry or occupation, wherein or whereby his or her work,

4

or the product or profit of his or her work, shall be farmed out, contracted, given or sold to any person, firm, association or corporation."

25.  At all times relevant to this Complaint, Defendant employed Plaintiffs to perform labor in their Detention Center. The range of tasks performed by Plaintiffs included but were not limited to delivering and serving meals, cleaning, sweeping, mopping, taking out trash, performing custodial duties, and generally maintaining the 650-bed detention center.

26.  AGS utilizes detainee workers to perform food preparation and custodial duties (in the kitchen, recreation area, barber area, processing area, common areas of the housing units, main hallways and traverse areas), to perform ground maintenance (within the perimeter of the facility), and to perform librarian duties in the library.

27.  In addition to utilizing detainee workers, AGS utilizes non-detained employee workers to perform food preparation and custodial duties similar to that performed by Plaintiffs and other detainees.

28.  Plaintiffs were not paid for their labor. Instead they received $1 per day in commissary credit for their labor, regardless of how many hours they worked.

29.  Defendant controlled how many hours Plaintiffs worked.

30.  Plaintiffs were captive and routinely required to be ready, willing, and able to perform any task asked of them, between their morning wake up count and lights out, at the facility.

31.  Defendant deposited Plaintiffs' wages into Plaintiffs' commissary accounts from which Plaintiffs could only make authorized purchases of items offered for sale by Defendant and which could not be converted into cash.

32.  Each housing unit in the Detention Center has a commissary, where detainees in good standing can purchase food and supplies, such as packets of Chili Ramen, Flaming Hot

5

Cheetos, soap or toothpaste.

33. Funds deposited in commissary accounts could only be used for purchasing toiletries, non-perishable food items, thermal clothing, and other similar items from the detention center commissary, which was operated by Defendant AGS.

34. Detainees are not allowed to carry money inside the Detention Center. When detainees are processed into the Detention Center they are required to relinquish all funds in their possession to the processing officer.

35. Detainees are charged for making phone calls to family and friends outside of the Detention Center and are prohibited from making phone calls to family and friends unless they have funds in their commissary account.

36. Plaintiff Yeend and Plaintiff Phimasone were never provided with a written statement, at the time of their hiring or at any subsequent time, indicating the name and contact information of their employer, or their rates of pay.

37. Plaintiffs were never provided with paystubs indicating the hours that they worked each week.

38. Plaintiffs were not paid the applicable state minimum wages for each hour worked in a workweek.

39. The failure to compensate Plaintiffs for their labor denied them the financial resources necessary to communicate with family, to plan for their future needs and support their families, to speak with their attorneys, to have access to adequate toiletries, to obtain the commissary food they would otherwise buy, and to provide for themselves following their release from incarceration.

***Plaintiff Dalila Yeend***

6

40.     In or around early July of 2018, a security guard for Defendant AGS hired Plaintiff Yeend to work on kitchen duty in the Detention Center.

41.     A security guard employed by Defendant AGS instructed Plaintiff Yeend on how to perform her job, and at what times she needed to work each day.

42.     From then until her release from immigration detention on August 17, 2018, she worked on the kitchen staff and was responsible for a food cart. Plaintiff Yeend performed custodial duties and food cart support for three shifts a day (one shift for each meal period), every day.

43.     Plaintiff Yeend worked approximately one to one and a half hours for each breakfast shift, another one to one and a half hours for each lunch shift, and approximately two hours for each dinner shift. Her duties included transporting the food cart to and from the kitchen, arranging and serving food, collecting trays, wiping tables, sweeping and mopping.

44.     Plaintiff Yeend worked 4-5 hours per day, seven days a week.

45.     Each day Plaintiff Yeend worked, the interval between the beginning and the end of her workday exceeded 10 hours. Each day Plaintiff Yeend worked, her schedule of daily hours worked were not consecutive.

46.     At the end of each week, Defendant AGS had Plaintiff Yeend sign a sheet verifying the number of days she worked, and "paid" her $1.00 per day of work ($7.00 per week).

47.     Plaintiff Yeend's only form of compensation for her labor was $1 per workday in commissary credit that Defendant AGS gave her on a weekly basis.

48.     Plaintiff Yeend did not provide advance written consent to Defendant AGS to deposit her wages in her commissary account.

49.     Defendant AGS occasionally required Plaintiff Yeend to perform other work, in addition

7

to her regular work as kitchen staff, for which she was not credited at all. For example, on one occasion, Defendant AGS required Plaintiff Yeend to clean and sterilize three housing cells that had been infested with head lice. Defendant AGS "paid" Plaintiff Yeend for this work, by giving her items AGS had confiscated from other women who had been transferred out of Batavia.

50.     Defendant AGS did not provide Plaintiff Yeend with any pay stub or other written document indicating her work hours and pay along with her weekly wages or at any other time.

51.     Not until August 17, 2018, when Plaintiff Yeend won her release from immigration detention, did Defendant AGS give her cash wages for the work she had performed, when Defendant "cashed out" Plaintiff Yeend's commissary account.

### Plaintiff Bounnam Phimasone

52.     In late 2018, approximately one week into his detention at Batavia, a security guard for Defendant AGS hired Plaintiff Phimasone to work in maintenance in the detention center. He began work that same day.

53.     Throughout his detention, Plaintiff Phimasone performed custodial duties in the common area of the housing unit. He regularly buffed and cleaned the floors. To perform his job duties, Plaintiff Phimasone regularly worked with cleaning chemicals and utilized heavy tools to keep the facility tidy.

54.     Defendant AGS supplied the chemicals and tools, including the buffer, necessary for Plaintiff Phimasone's work.

55.     Defendant AGS, through its agents, directed Plaintiff Phimasone what work tasks to perform and assigned his work schedule.

8

FILED: RENSSELAER COUNTY CLERK 09/03/2020 01:07 PM   INDEX NO. EF2020-266934
NYSCEF DOC. NO. 1                                      RECEIVED NYSCEF: 09/03/2020

Case 1:20-cv-01281-TJM-CFH   Document 2   Filed 10/16/20   Page 10 of 21

56.     Plaintiff Phimasone worked approximately three hours per day, five days per week, from the time he was hired until the date of his release from immigration detention, on August 6, 2019.

57.     Not infrequently, the floors became dirty again after Plaintiff Phimasone had cleaned them for the day, and he was required to buff and clean the floors a second time. On these occasions, Plaintiff Phimasone worked approximately six hours per day.

58.     Every Thursday, Plaintiff Phimasone was brought by an AGS officer into a security guard's office and signed a paper confirming he performed his work duties and the number of days on which he performed labor, and $5.00 would be transferred into his commissary account.

59.     Plaintiff Phimasone did not receive wages. Instead, Plaintiff Phimasone's only form of compensation for his labor was $1 per workday ($5 per week) in commissary credit on a weekly basis.

60.     Plaintiff Phimasone did not provide advance written consent to Defendant AGS to deposit his wages in his commissary account.

61.     Defendant AGS did not provide Plaintiff Phimasone with any pay stub or other written document indicating his work hours and pay along with his weekly wages, or at any other time.

62.     Not until August 6, 2019, when Plaintiff Phimasone was released from immigration detention, did Defendant AGS give him cash wages for the work he had performed, when Plaintiff Phimasone's commissary account was "cashed out."

63.     Plaintiff Phimasone was never provided with a paystub documenting his hours worked or pay received.

64.     Each day Plaintiff Phimasone worked, his schedule of daily hours worked were not

consecutive.

65.    Plaintiff Phimasone's last day of work was August 6, 2019.

66.    AGS controlled Plaintiffs' wages, hours worked, and working conditions. AGS provided all necessary equipment and work uniforms for their work.

67.    Plaintiffs worked under the constant implicit threat of discipline or other negative change in the conditions of their confinement, ranging from loss of privileges, the ability to make phones calls, or use of the commissary or recreation, to severe penalties such as disciplinary segregation, solitary confinement, and/or referral for criminal prosecution, as Defendant AGS had complete control, not only over their employment, but also over every other aspect of their lives in detention.

68.    Defendant's utilization of detainee labor allows them to exploit a captive labor force.

69.    At the time that Plaintiffs began working for Defendant, Defendant failed to furnish them with accurate written disclosures of their legally mandated wage rates in English and in their primary language, as required by NYLL § 195(1).

70.    Defendant never thereafter furnished Plaintiffs or other workers with accurate written disclosures in English or their primary language as required by NYLL § 195(1).

71.    Defendant failed to furnish Plaintiffs and other workers with accurate wage statements containing the information required by NYLL § 195(3).

72.    Defendants failed to pay Plaintiffs an additional hour of pay at the minimum wage rate for each day their spread of hours, the time from the beginning to the end of their shift, exceeded 10 hours.

73.    Defendants failed to pay Plaintiffs an additional hour of pay at the minimum wage rate for each day they worked a split shift, which is a schedule of daily hours in which the working

hours required or permitted are not consecutive.

74.   AGS failed to record the hours Plaintiffs worked for it.

75.   AGS failed to pay Plaintiffs the New York state minimum wage for the hours that they performed work at Batavia.

## V.   FIRST CAUSE OF ACTION

### *New York Constitution*

76.   Plaintiffs re-allege and incorporate by reference all of the preceding allegations as if fully set forth herein.

77.   Defendant has violated Plaintiffs' constitutional right to be free from having their labor and its profits contracted, given or sold to AGS, in violation of the New York State Constitution, Art. III, Sec. 24.

78.   Defendant's violations of Plaintiffs' constitutional rights are actionable under the doctrine of constitutional tort.

## VI.   SECOND CAUSE OF ACTION

### *New York Labor Law – Minimum Wage*

79.   Plaintiffs re-allege and incorporate by reference all of the preceding allegations as if fully set forth herein.

80.   Defendants willfully failed to pay Plaintiffs the minimum wage for hours worked, in violation of New York Labor Law § 652.

81.   Due to Defendant's New York Labor Law violations, Plaintiffs are entitled to recover from Defendant their unpaid minimum wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## VII.   THIRD CAUSE OF ACTION

11

FILED: RENSSELAER COUNTY CLERK 09/03/2020 01:07 PM INDEX NO. EF2020-266934
NYSCEF DOC. NO. 1                                                    RECEIVED NYSCEF: 09/03/2020

Case 1:20-cv-01281-TJM-CFH   Document 2   Filed 10/16/20   Page 13 of 21

### *New York Labor Law – Spread of Hours and Split Shift Compensation*

82.    Plaintiffs re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

83.    Defendant willfully violated Plaintiffs' rights by failing to pay Plaintiffs an additional hour of pay for each day in which the spread of hours exceeded ten in one day, or in which Plaintiffs worked a split shift of daily hours in which the working hours required or permitted are not consecutive, in violation of the NYLL and its regulations.

84.    Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime and spread of hours wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees, costs of the action, and interest.

## VIII. FOURTH CAUSE OF ACTION

### *New York Labor Law – Wage Notice*

85.    Plaintiffs re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

86.    Defendant willfully failed to provide Plaintiffs, at the time of hiring or any subsequent time, a wage notice in their native language containing the information required by NYLL § 195(a), such as their rate of pay.

87.    Due to Defendant's violations, Plaintiffs are entitled to recover from Defendant statutory damages for each workday that the violations occurred or continued to occur, together with costs and reasonable attorney's fees, and any other relief that the court deems necessary and appropriate.

## IX. FIFTH CAUSE OF ACTION

12

FILED: RENSSELAER COUNTY CLERK 09/03/2020 01:07 PM INDEX NO. EF2020-266934
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 09/03/2020

Case 1:20-cv-01281-TJM-CFH Document 2 Filed 10/16/20 Page 14 of 21

*New York Labor Law – Wage Statement*

88.  Throughout the entire course of Plaintiffs' employment, Defendant willfully failed to provide Plaintiffs with weekly wage stubs or statements with each payment of wages containing all information required by NYLL § 195(3), such as dates of work, rate of pay for regular and overtime hours, and number of regular and overtime hours worked.

89.  Due to Defendant's violations, Plaintiffs are entitled to recover from Defendant statutory damages for each workday that the violations occurred or continued to occur, together with costs and reasonable attorney's fees, and any other relief that the court deems necessary and appropriate.

## X. SIXTH CAUSE OF ACTION

### *Unjust Enrichment*

90.  Plaintiffs re-allege and incorporate by reference all of the previous allegations as if fully set forth herein.

91.  Plaintiffs conferred substantial benefits on the Defendant by their labor for which they are entitled to as-yet unpaid compensation.

92.  Defendant accepted, indeed required, the services from the Plaintiffs as part of their employment.

93.  Plaintiffs reasonably expected to be compensated for their labor, which reasonable expectation Defendant fostered with their weekly payment to Plaintiffs for their labor.

94.  Defendant was unjustly enriched by requiring and permitting labor from its captive workforce at the rate it paid.

95.  The reasonable value of the unpaid time may be readily calculated from the hourly wages paid to non-detained employees by Defendant as modified by the requirements of the

applicable statutes.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request that this Court:

96.     Declare and award Plaintiffs a declaratory judgment that Defendant's conduct is in violation of the New York Constitution and New York Labor Law;

97.     Enjoin Defendant from further violations of the New York Constitution and New York Labor Law;

98.     Order Defendant to pay to Plaintiffs all minimum, spread of hours, and split shift wages owed, consistent with NYLL;

99.     Order Defendant to pay to Plaintiffs the statutorily prescribed penalties for failure to provide Plaintiffs with the hiring notice and wage statements required by NYLL;

100.    Award Plaintiffs additional liquidated damages for all wages withheld in violation of NYLL;

101.    Award Plaintiffs restitution for AGS's violation of the New York Constitutional protection for detainee labor;

102.    Order Defendant to pay Plaintiffs such amounts necessary to prevent Defendant from being unjustly enriched;

103.    Award Plaintiffs reasonable attorneys' fees, costs, and interest; and

104.    Award Plaintiffs such other legal and equitable relief as the Court deems appropriate.

## IX. REQUEST FOR TRIAL BY JURY

Plaintiffs respectfully request a trial by jury as to all claims to which they are entitled.

14

Case 1:20-cv-01281-TJM-CFH   Document 2   Filed 10/16/20   Page 16 of 21

RESPECTFULLY SUBMITTED,

WORKER JUSTICE CENTER OF
NEW YORK

/s/ Robert McCreanor
By: Robert McCreanor, Esq.
Maureen Hussain, Esq.
Laura Revercomb, Esq.
9 Main Street
Kingston, New York 12401
(845) 331-6615

Dan Getman, Of Counsel to Worker Justice Center
of New York
260 Fair St.
Kingston, NY  12404
(845) 255-9370

Attorneys for Plaintiffs

15

## AFFIDAVIT OF SERVICE

| Case:<br>EF2020-266934 | Court:<br>SUPREME COURT FOR THE STATE OF NEW YORKK | County:<br>RENSSELAER, NY | Job:<br>4845238 |
|---|---|---|---|
| Plaintiff / Petitioner:<br>DALILA YEEND and BOUNNAM PHIMASONE | | Defendant / Respondent:<br>AKIMA GLOBAL SERVICES, LLC a/k/a AGS | |
| Received by:<br>ASubpoena | | For:<br>Worker Justice Center of New York | |
| To be served upon:<br>AKIMA GLOBAL SERVICES, LLC a/k/a AGS c/o C T CORPORATION SYSTEM | | | |

I, Majd Hussein, being duly sworn, depose and say: I am over the age of 18 years and not a party to this action, and that within the boundaries of the state where service was effected, I was authorized by law to make service of the documents and informed said person of the contents herein

Recipient Name / Address:   Gena Martinez, C T CORPORATION SYSTEM 28 LIBERTY ST., NEW YORK, NY 10005
Manner of Service:      Corporation, Sep 16, 2020, 3:21 pm EDT
Documents:           Summons and Complaint

On Sep 16, 2020, at 3:21 pm EDT at C T CORPORATION SYSTEM 28 LIBERTY ST., NEW YORK, NY 10005 I served a corporation/entity AKIMA GLOBAL SERVICES, LLC a/k/a AGS by delivering to and leaving a true copy of the above documents with Gena Martinez, As Agent Authorized to accept on behalf of AKIMA GLOBAL SERVICES, LLC a/k/a AGS and informed said person of the contents therein in compliance with state statutes.

Recipient description: Age: 30; Ethnicity: Hispanic; Gender: Female; Weight: 160; Height: 5'4"; Hair: Brown; Eyes: Brown; Relationship: Agent;

_____          Subscribed and sworn to before me by the affiant who is
Majd Hussein          Date          personally known to me.
2090551
                                        _____
Worker Justice Center of New York          Notary Public
9 Main Street
Kingston, NY 12401          Date          09-16-2020

Gail Kagan
Notary Public State of New York
NO. 01KA6094470
Qualified in Westchester County
Commission ExpiresJune 23, 20 23

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RENSSELAER**

_____
                                                        :
DALILA YEEND and BOUNNAM PHIMASONE :
                                                        :
                                                        :
            Plaintiffs,                                 :
                                                        :        Index No.: EF2020-266934
v.                                                      :
                                                        :
                                                        :
AKIMA GLOBAL SERVICES, LLC a/k/a AGS   :
                                                        :
                                                        :
                                                        :
            Defendants.                                 :
                                                        :
                                                        :
_____                :

## NOTICE OF APPEARANCE

Laura L. Revercomb of the Worker Justice Center of New York hereby respectfully requests that the Clerk of the Court enter the appearance of same as counsel for Plaintiffs Dalila Yeend and Bounnam Phimasone in the above titled action.  The address of the Worker Justice Center of New York is 9 Main Street Kingston, New York 12401, and the phone number is (845) 331-6615.

Respectfully submitted,

*Laura L. Revercomb*

Laura L. Revercomb
NYS Reg. No.: 4185138
Worker Justice Center of New York
9 Main Street
Kingston, New York 12401
(845) 331-6615, ext. 1008
lrevercomb@wjcny.org

Date:   September 29, 2020

CERTIFICATE OF SERVICE

I hereby certify that I sent a copy of the attached Notice of Appearance to Defendant Akima Global Services, LLC by first class U.S. Mail at c/o CT Corporation System 28 Liberty Street New York, NY 10005 on this 29th day of September 2020.

*/s/ Laura L. Revercomb*

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF RENSSELAER**

———————————————————————

DALILA YEEND and BOUNNAM PHIMASONE

                        Plaintiffs,

v.                                                            Index No.: EF2020-266934

AKIMA GLOBAL SERVICES, LLC a/k/a AGS

                        Defendants.

———————————————————————

### NOTICE OF APPEARANCE

Maureen Hussain of Worker Justice Center of New York hereby respectfully requests that the Clerk of the Court enter the appearance of same as counsel for Plaintiffs Dalila Yeend and Bounnam Phimasone in the above titled action.  The address of Worker Justice Center of New York is 9 Main Street, Kingston, NY 12401, and the phone number is (845) 331-6615.

Respectfully submitted,

/s/ *Maureen Hussain*
Maureen Hussain
Worker Justice Center of New York
9 Main Street
Kingston, NY 12401
(845) 331-6615
mhussain@wjcny.org

Date:   September 30, 2020

CERTIFICATE OF SERVICE

I hereby certify that I sent a copy of the attached Notice of Appearance to Defendant Akima Global Services, LLC by first class U.S. Mail at c/o CT Corporation System 28 Liberty Street New York, NY 10005 on this 30th day of September, 2020.

/s/ *Maureen Hussain*