**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| **DALILA YEEND and** | ) | |
| **BOUNNAM PHIMASONE,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.: 1:20-cv-01281** |
| | ) | |
| **AKIMA GLOBAL SERVICES, LLC,** | ) | |
| **a/k/a AGS,** | ) | |
| **Defendant.** | ) | |
| | ) | |
| | ) | |

---

**DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES**

---

**NOW COMES** Defendant Akima Global Services, LLC ("Defendant"), by and through undersigned counsel, and respectfully submits the following Answer and Affirmative Defenses to Plaintiffs' Complaint (Doc. 2).

## ANSWER TO COMPLAINT

### I.    PRELIMINARY STATEMENT

1.    Defendant admits that Plaintiffs were detained at the Buffalo Federal Detention Facility in Batavia, New York ("BFDF").  Defendant denies all remaining allegations contained in Paragraph 1 of the Complaint.

2.    Defendant admits that it holds a contract with the federal government, specifically the Department of Homeland Security, Office of Immigration and Customs Enforcement ("ICE"), for certain, specified services at the BFDF and admits that it receives payment under the contract based, in part, on the number of beds filled per day.  Defendant denies all remaining allegations contained in Paragraph 2 of the Complaint.

3.    Defendant admits that it employs U.S. citizens who meet the specified citizenship, residency, clearance, and other requirements set forth in its contract with ICE, to perform food

1

service and maintenance work at BFDF in accordance with the contract.  Defendant denies all remaining allegations contained in Paragraph 3 of the Complaint.

4.      Defendant admits that it is a federal contractor. Defendant denies all remaining allegations contained in Paragraph 4 of the Complaint.

5.      The allegations contained in Paragraph 5 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 5 of the Complaint.

6.      Defendant admits that Plaintiffs are no longer detained at BFDF and admits that Plaintiffs have asserted claims for damages and declaratory and injunctive relief for alleged violations of the New York Constitution and New York Labor Law.  Defendant denies all allegations concerning Plaintiffs' alleged detention and lawful residence status for lack of sufficient information to establish a belief therein.  The remaining allegations contained in Paragraph 6 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies all remaining allegations contained in Paragraph 6 of the Complaint and expressly denies that Plaintiffs are entitled to any damages or other relief in this matter.

## II.      JURISDICTION AND VENUE

7.      The allegations contained in Paragraph 7 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant admits this Court has jurisdiction over the claims asserted in this action.

8.      The allegations contained in Paragraph 8 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant does not contest venue.

### III.   THE PARTIES

9.      Defendant admits that Plaintiff Dalila Yeend is an adult individual.  Defendant denies all remaining allegations contained in Paragraph 9 of the Complaint for lack of sufficient information to establish a belief therein.

10.     Defendant admits that Plaintiff Bounnam Phimasone is an adult individual. Defendant denies all remaining allegations contained in Paragraph 10 of the Complaint for lack of sufficient information to establish a belief therein.

11.     Defendant admits that it is a Foreign Limited Liability Company which operates in Genesee County, New York.  Defendant further admits that it provides limited, prescribed services, which are specifically delineated by its contract with ICE, at the BFDF.  Defendant denies all remaining allegations contained in Paragraph 11 of the Complaint.

12.     The allegations contained in Paragraph 12 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 12 of the Complaint.

13.     The allegations contained in Paragraph 13 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 13 of the Complaint.

14.     The allegations contained in Paragraph 14 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 14 of the Complaint.

15.     The allegations contained in Paragraph 15 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 15 of the Complaint.

16.     The allegations contained in Paragraph 16 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17.     The allegations contained in Paragraph 17 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 17 of the Complaint.

## IV.    STATEMENT OF FACTS

18.     Defendant admits that ICE is a federal law enforcement agency within the Department of Homeland Security.  Defendant denies all remaining allegations contained in Paragraph 18 of the Complaint for lack of sufficient information to establish a belief therein.

19.     The allegations contained in Paragraph 19 of the Complaint concern the operations and actions of ICE, and thus do not require a response from Defendant. To the extent that a response is required, Defendant denies the allegations contained in Paragraph 19 of the Complaint for lack of sufficient information to establish a belief therein.

20.     Defendant admits that it contracts with ICE to provide specified services at BFDF and admits that it is a for-profit limited liability company.  Defendant denies all remaining allegations contained in Paragraph 20 of the Complaint.

21.     Defendant admits that its earnings exceed $1 million annually.  Defendant denies all remaining allegations contained in Paragraph 21 of the Complaint.

22.     Defendant denies the allegations contained in Paragraph 22 of the Complaint.

23.     Defendant admits that its contract with ICE requires it to comply with certain specified state and/or local laws.  Defendant denies any suggestion contained in Paragraph 23 of the Complaint that its contract with ICE requires it to comply with New York minimum wage

and/or labor laws as to detainees in ICE custody or that its contract requires it to comply with all state and local laws if not expressly identified in the contract or where federal law takes precedence.

24.      Defendant admits that Article III, Sec. 24 of the New York Constitution is accurately quoted in Paragraph 24 of the Complaint.  However, Defendant denies that Plaintiffs are entitled to any relief, remedies, attorneys' fees or damages under the New York Constitution.

25.      Defendant admits that during their detention at BFDF, Plaintiffs performed various tasks in accordance with ICE's Voluntary Detainee Worker Program.  The remaining allegations contained in Paragraph 25 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 16 of the Complaint.  Further, Defendant expressly denies that Plaintiffs are, were, or have ever been "employed" by Defendant.

26.      Defendants admit that detainees who voluntarily participate in the Voluntary Detainee Worker Program may perform tasks including food service, library services, ground maintenance, and custodial services in accordance with the restrictions imposed by Defendant's contract with ICE and the requirements of the Voluntary Detainee Worker Program as established by ICE.  Defendants deny all remaining allegations contained in Paragraph 26 of the Complaint.

27.      Defendant admits that it employs U.S. citizens at BFDF that meet various requirements set forth in its contract with ICE, including, but not limited to the specified residency requirements and background checks.  The remaining allegations contained in Paragraph 27 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies all remaining allegations contained in Paragraph

27 of the Complaint.  Further, Defendant expressly denies any suggestion contained in Paragraph 27 that Defendant "employed" detainees.

28.     Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.     The allegations contained in Paragraph 29 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.     The allegations contained in Paragraph 30 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant admits that Plaintiffs were in federal custody while detained at BFDF, but denies all remaining allegations contained in Paragraph 30 of the Complaint.

31.     Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.     Defendant admits the allegations contained in Paragraph 32 of the Complaint.

33.     Defendant denies the allegations contained in Paragraph 33 of the Complaint.

34.     Defendant admits that ICE policies and protocols prohibit detainees from carrying money and/or valuables while in ICE custody at BFDF. The remaining allegations contained in Paragraph 34 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies all remaining allegations contained in Paragraph 34 of the Complaint..

35.     Defendant admits the allegations contained in Paragraph 35 of the Complaint, but denies any suggestion contained in Paragraph 35 that AGS sets the amount charged to detainees for telephone and/or skype usage or that it established the practice of charging detainees for such activities.

36. Defendant denies the allegations contained in Paragraph 36 of the Complaint. Further, Defendant expressly denies any suggestion in Paragraph 36 that Plaintiffs are, were, or have ever been "employed" by Defendant.

37. The allegations contained in Paragraph 37 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny. However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 37 of the Complaint. Further, Defendant expressly denies any suggestion in Paragraph 37 that Plaintiffs are, were, or have ever been employed by Defendant and thus were entitled to receive "paystubs."

38. The allegations contained in Paragraph 38 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny. However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 38 of the Complaint. Further, Defendant expressly denies any suggestion in Paragraph 38 that Plaintiffs are, were, or have ever been employed by Defendant and thus were entitled to receive "applicable state minimum wages."

39. The allegations contained in Paragraph 39 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny. However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40. Defendant admits that Plaintiff Yeend began participating in the Voluntary Detainee Worker Program in early July 2018. Defendant denies all remaining allegations contained in Paragraph 40 of the Complaint and expressly denies any suggestion that Plaintiff Yeend was ever employed by Defendant.

41. Defendant admits that its officers provided training to detainees regarding various tasks identified by ICE for the Voluntary Detainee Worker Program. Defendant denies all remaining allegations contained in Paragraph 41 of the Complaint and expressly denies any

suggestion contained in Paragraph 41 that Plaintiff Yeend was "hired" to perform a "job" or that she was ever employed by Defendant.

42.    Defendant denies the allegations contained in Paragraph 42 of the Complaint.

43.    Defendant admits that Plaintiff Yeend's tasks included food cart and/or kitchen-related tasks during her participation in the Voluntary Detainee Worker Program.  Defendant denies all remaining allegations contained in Paragraph 43 of the Complaint.

44.    Defendant denies the allegations contained in Paragraph 44 of the Complaint.

45.    The allegations contained in Paragraph 45 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 45 of the Complaint.  Further, Defendant expressly denies any suggestion contained in Paragraph 45 that Plaintiff was ever employed by Defendant.

46.    Defendant admits that Plaintiff Yeend signed a weekly verification as to the days on which she performed tasks in accordance with the Voluntary Detainee Worker Program requirements.  Defendant also admits that detainees, such as Plaintiff Yeend, who participate in the Voluntary Detainee Worker Program receive a $1 daily rate, as set by ICE.  Defendant denies all remaining allegations contained in Paragraph 46 of the Complaint.

47.    The allegations contained in Paragraph 47 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 47 of the Complaint. Further, Defendant expressly denies any suggestion contained in Paragraph 45 that Plaintiff was ever employed by Defendant.

48.     The allegations contained in Paragraph 48 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 48 of the Complaint. Further, Defendant expressly denies any suggestion contained in Paragraph 48 that Plaintiff Yeend's "advance written consent" was required or that Plaintiff Yeend was ever employed by Defendant.

49.     Defendant denies the allegations contained in Paragraph 49 of the Complaint.

50.     The allegations contained in Paragraph 50 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 50 of the Complaint. Further, Defendant expressly denies any suggestion contained in Paragraph 50 that Plaintiff Yeend was ever employed by Defendant and thus was entitled to receive "pay stubs."

51.     Defendant denies that Plaintiff Yeend was released from custody on August 17, 2018; according to Defendant's records, Plaintiff Yeend was released on August 16, 2018. Defendant admits that, in accordance with ICE requirements, upon Plaintiff Yeend's release from ICE custody, she was provided with the cash amount of all funds contained in her detainee account. The remaining allegations contained in Paragraph 51 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 51 of the Complaint. Further, Defendant expressly denies any suggestion contained in Paragraph 51 that Plaintiff Yeend was ever employed by Defendant or that Plaintiff Yeend earned "wages."

52.     Defendant admits that during his most recent stay at BFDF, Plaintiff Phimasone participated in the Voluntary Detainee Worker Program starting in or around late December 2018. Defendant denies all remaining allegations contained in Paragraph 52 of the Complaint.  Further,

9

Defendant expressly denies that Plaintiff Phimasone was "hired" or that he was ever employed by Defendant.

53.     The allegations contained in Paragraph 53 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant admits that Plaintiff Phimasone's tasks included buffing the floors during his participation in the Voluntary Detainee Worker Program. Defendant denies all remaining allegations contained in Paragraph 53 of the Complaint.  Further, Defendant expressly denies any suggestion contained in Paragraph 53 that Plaintiff Phimasone was ever employed by Defendant.

54.     Defendant admits that it supplied some of the chemicals used to clean common areas of the BFDF housing units, but denies all remaining allegations contained in Paragraph 54 of the Complaint.  Further, Defendant expressly denies any suggestion contained in Paragraph 54 that Plaintiff Phimasone was ever employed by Defendant.

55.     The allegations contained in Paragraph 55 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 55 of the Complaint.  Further, Defendant expressly denies any suggestion contained in Paragraph 55 that Plaintiff Phimasone was ever employed by Defendant.

56.     The allegations contained in Paragraph 56 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies that Plaintiff Phimasone was ever "hired" or employed by Defendant. Defendant further denies the remaining allegations contained in Paragraph 56 of the Complaint.

57.     Defendant denies the allegations contained in Paragraph 57 of the Complaint. Further, Defendant expressly denies any suggestion contained in Paragraph 57 that Plaintiff Phimasone was ever employed by Defendant

58.     Defendant admits that Plaintiff Phimasone signed a weekly verification as to the days on which he performed tasks in accordance with the Voluntary Detainee Worker Program requirements.  Defendant also admits that detainees, such as Plaintiff Phimasone, who participate in the Voluntary Detainee Worker Program receive a $1 daily rate, as set by ICE.  Defendant denies all remaining allegations contained in Paragraph 58 of the Complaint.

59.     Defendant admits that Plaintiff Phimasone did not receive "wages" because he was not employed by Defendant.  The remaining allegations contained in Paragraph 59 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 59 of the Complaint.

60.     The allegations contained in Paragraph 60 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 60 of the Complaint. Further, Defendant expressly denies any suggestion contained in Paragraph 60 that Plaintiff Phimasone's "advance written consent" was required or that Plaintiff Phimasone was ever employed by Defendant.

61.     The allegations contained in Paragraph 61 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 61 of the Complaint. Further,

Defendant expressly denies any suggestion contained in Paragraph 61 that Plaintiff Phimasone was ever employed by Defendant and thus was entitled to receive "pay stubs."

62.     Defendant admits that Plaintiff Phimasone was released from ICE custody on August 6, 2019 and admits that, in accordance with ICE requirements, upon Plaintiff Phimasone's release from ICE custody, he was provided with the cash amount of funds contained in his detainee account.  The remaining allegations contained in Paragraph 62 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 62 of the Complaint. Further, Defendant expressly denies any suggestion contained in Paragraph 62 that Plaintiff Phimasone was ever employed by Defendant or that he was entitled to "wages."

63.     The allegations contained in Paragraph 63 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 63 of the Complaint. Further, Defendant expressly denies any suggestion contained in Paragraph 63 that Plaintiff Phimasone was ever employed by Defendant and thus was entitled to receive "paystubs."

64.     The allegations contained in Paragraph 64 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 64 of the Complaint.  Further, Defendant expressly denies any suggestion contained in Paragraph 64 that Plaintiff Phimasone was ever employed by Defendant.

65.     Defendant admits that Plaintiff Phimasone's last day participating in the Voluntary Detainee Worker Program was August 6, 2019.  Defendant expressly denies any suggestion contained in Paragraph 65 that Plaintiff Phimasone was ever employed by Defendant.

66.     The allegations contained in Paragraph 66 of the Complaint call for legal conclusions which Defendant is not obligated to admit or deny.  However, to the extent a response is required, Defendant denies the allegations contained in Paragraph 66 of the Complaint.

67.     Defendant denies the allegations contained in Paragraph 67 of the Complaint.

68.     Defendant denies the allegations contained in Paragraph 68 of the Complaint.

69.     The allegations contained in Paragraph 69 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 69 of the Complaint.  Further, Defendant expressly denies any suggestion contained in Paragraph 69 that Plaintiffs were ever employed by Defendant and thus entitled to receive written disclosures in accordance with the New York Labor Law.

70.     The allegations contained in Paragraph 70 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 70 of the Complaint.  Further, Defendant expressly denies any suggestion contained in Paragraph 70 that Plaintiffs were ever employed by Defendant and thus entitled to receive written disclosures in accordance with the New York Labor Law.

71.     The allegations contained in Paragraph 71 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 71 of the Complaint. Further, Defendant expressly denies any suggestion contained in Paragraph 71 that Plaintiffs were ever employed by Defendant and thus entitled to receive "wage statements" in accordance with the New York Labor Law.

72.     The allegations contained in Paragraph 72 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 72 of the Complaint.  Further, Defendant expressly denies any suggestion contained in Paragraph 72 that Plaintiffs were ever employed by Defendant and thus entitled to receive minimum wages or additional hours of pay in accordance with the New York Labor Law.

73.     The allegations contained in Paragraph 73 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 73 of the Complaint.  Further, Defendant expressly denies any suggestion contained in Paragraph 73 that Plaintiffs were ever employed by Defendant and thus entitled to receive minimum wages or split shift pay in accordance with the New York Labor Law.

74.     Defendant denies the allegations contained in Paragraph 74 of the Complaint. Further, Defendant denies any suggestion contained in Paragraph 74 that Plaintiffs were employees of Defendant.

75.     The allegations contained in Paragraph 75 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 75 of the Complaint. Further, Defendant denies any suggestion contained in Paragraph 75 that Plaintiffs were employees of Defendant or that Plaintiffs were entitled to receive the minimum wage under New York law.

## V.     FIRST CAUSE OF ACTION

### *New York Constitution*

76.     The allegations contained in Paragraph 76 simply restate and reincorporate the allegations contained in the preceding Paragraphs and thus, do not require further response.

77.     The allegations contained in Paragraph 77 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 77 of the Complaint.

78.     The allegations contained in Paragraph 78 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 78 of the Complaint. Defendant further denies that Plaintiffs are entitled to any relief, remedies, attorneys' fees, costs, interest, and/or damages under the doctrine of constitutional tort or any other cause of action.

## VI.     SECOND CAUSE OF ACTION

### *New York Labor Law – Minimum Wage*

79.     The allegations contained in Paragraph 79 simply restate and reincorporate the allegations contained in the preceding Paragraphs and thus, do not require further response.

80.     The allegations contained in Paragraph 80 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 80 of the Complaint.

81.     The allegations contained in Paragraph 81 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 81 of the Complaint.  Defendant further denies that Plaintiffs are entitled to any relief, remedies, attorneys' fees, costs, interest, and/or damages under the New York Labor Law or pursuant to any other cause of action.

## VII.     THIRD CAUSE OF ACTION

*New York Labor Law – Spread of Hours and Split Shift Compensation*

82.     The allegations contained in Paragraph 82 simply restate and reincorporate the allegations contained in the preceding Paragraphs and thus, do not require further response.

83.     The allegations contained in Paragraph 83 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 83 of the Complaint.

84.     The allegations contained in Paragraph 84 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 84 of the Complaint.  Defendant further denies that Plaintiffs are entitled to any relief, remedies, attorneys' fees, costs, interest, and/or damages under the New York Labor Law or pursuant to any other cause of action.

### VIII.   FOURTH CAUSE OF ACTION

*New York Labor Law – Wage Notice*

85.     The allegations contained in Paragraph 85 simply restate and reincorporate the allegations contained in the preceding Paragraphs and thus, do not require further response.

86.     The allegations contained in Paragraph 86 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 86 of the Complaint.

87.     The allegations contained in Paragraph 87 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 87 of the Complaint.  Defendant further denies that Plaintiffs are entitled to any relief, remedies, attorneys' fees, costs, interest, and/or damages under the New York Labor Law or pursuant to any other cause of action.

## IX.   FIFTH CAUSE OF ACTION

### *New York Labor Law – Wage Statement*

88.    The allegations contained in Paragraph 88 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 88 of the Complaint.

89.    The allegations contained in Paragraph 89 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 89 of the Complaint. Defendant further denies that Plaintiffs are entitled to any relief, remedies, attorneys' fees, costs, interest, and/or damages under the New York Labor Law or pursuant to any other cause of action.

## X.   SIXTH CAUSE OF ACTION

### *Unjust Enrichment*

90.    The allegations contained in Paragraph 90 simply restate and reincorporate the allegations contained in the preceding Paragraphs and thus, do not require further response.

91.    The allegations contained in Paragraph 91 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 91 of the Complaint.

92.    The allegations contained in Paragraph 92 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 92 of the Complaint.

93.    The allegations contained in Paragraph 93 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 93 of the Complaint.

94.     The allegations contained in Paragraph 94 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 94 of the Complaint.

95.     The allegations contained in Paragraph 95 of the Complaint call for legal conclusions which Defendant is not required to admit or deny.  To the extent a response is required, Defendant denies the allegations contained in Paragraph 95 of the Complaint.  Defendant further denies that Plaintiffs are entitled to any relief, remedies, attorneys' fees, costs, interest, and/or damages under any cause of action.

## PRAYER FOR RELIEF

96.     The allegations contained in Plaintiffs' "Prayer for Relief" paragraph 96 do not require a response by Defendant.  However, to the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

97.     The allegations contained in Plaintiffs' "Prayer for Relief" paragraph 97 do not require a response by Defendant.  However, to the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

98.     The allegations contained in Plaintiffs' "Prayer for Relief" paragraph 98 do not require a response by Defendant.  However, to the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

99.     The allegations contained in Plaintiffs' "Prayer for Relief" paragraph 99 do not require a response by Defendant.  However, to the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

100.     The allegations contained in Plaintiffs' "Prayer for Relief" paragraph 100 do not require a response by Defendant.  However, to the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

101.     The allegations contained in Plaintiffs' "Prayer for Relief" paragraph 101 do not require a response by Defendant.  However, to the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

102.     The allegations contained in Plaintiffs' "Prayer for Relief" paragraph 102 do not require a response by Defendant.  However, to the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

103.     The allegations contained in Plaintiffs' "Prayer for Relief" paragraph 103 do not require a response by Defendant.  However, to the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

104.     The allegations contained in Plaintiffs' "Prayer for Relief" paragraph 104 do not require a response by Defendant.  However, to the extent a response is required, Defendant denies that Plaintiffs are entitled to any relief whatsoever.

## XI.     REQUEST FOR TRIAL BY JURY

105.     Plaintiffs' request for a trial by jury as to all claims does not require a response by Defendant.  However, to the extent a response is required, Defendant admits that Plaintiffs may request a trial by jury but denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE AND OTHER DEFENSES

1.     Plaintiffs fail to state a claim upon which relief can be granted.

2.     Plaintiffs' claims are preempted by federal law.

3.      Plaintiffs' claims are barred or limited to the extent that they are preempted by, subject to, or are required to be interpreted consistent with the federal enclave doctrine.

4.      Plaintiffs have failed to join defendants required by Rule 19 of the Federal Rules of Civil Procedure, namely the Department of Homeland Security and ICE.

5.      Plaintiffs' alleged injuries and damages, if any, were caused by the acts of a third party who has not been named as a party to this action and over whom Defendant has no control.

6.      Plaintiffs lack standing to seek declaratory and/or injunctive relief.

7.      Plaintiffs lack standing to assert claims under the New York Constitution and/or the New York Labor Law.

8.      Plaintiffs' claims are barred to the extent that they failed to satisfy jurisdictional prerequisites and/or other conditions precedent to bringing suit.

9.      Some or all of Plaintiffs' claims may be barred by the doctrines of laches, estoppel, unclean hands, and/or waiver.

10.     Plaintiffs were not "employees" under New York law.

11.     Defendant did not "employ" Plaintiffs.

12.     Plaintiffs' requested relief violates the law, and is otherwise impossible to attain in conformance with the law. At all relevant times to this lawsuit, Plaintiffs did not have a legal right to work in the United States.  Further, Plaintiffs did not have a legal right to receive minimum wage rates because neither Plaintiff sought approval from ICE for employment with Defendant, and neither Plaintiff was qualified to work for Defendant under Defendant's contract with ICE.

13.     The New York Constitution does not provide Plaintiffs with a private right of action as to the claims and allegations asserted.

14.     Plaintiffs are not entitled to some or all of the damages sought, including any punitive, liquidated, and/or statutory damages, as a matter of fact and/or as a matter of law.  Further, the damages sought are unconstitutional, not properly pled, and/or not in conformity with or allowable by law.  Any claim by Plaintiff for punitive, liquidated, or statutory damages is barred by Defendants' good-faith effort to comply with the law.

15.     Plaintiffs cannot satisfy their burden of proof with respect to any alleged damages.

16.     Plaintiffs' claims are capped or limited in accordance with applicable law.

17.     Defendant did not engage in willful conduct in violation of any federal, state, or local law.

18.     Defendant did not set or control the terms and conditions of Plaintiffs' participation in the Voluntary Detainee Worker Program, including but not limited to the rate paid to Plaintiffs for work performed.

19.     As a federal contractor, Defendant is entitled to require a communal contribution by ICE detainees, including Plaintiffs, in the form of housekeeping tasks under the civic duty exception to the Thirteenth Amendment's prohibition against involuntary servitude.

20.     Plaintiffs knowingly waived their claims when they freely elected to participate in the Voluntary Detainee Worker Program.

21.     Requiring it to pay Plaintiffs state law minimum wages would make it impossible for Defendant to comply with its contractual obligations to ICE.

22.     Defendant is entitled to an offset from any award to Plaintiffs for costs incurred by Defendant in providing material benefits, including but not limited to housing, food, clothing, and recreation, to Plaintiffs while detained, as well as costs incurred in operating the Voluntary Detainee Worker Program.

23.     As a federal government contractor, Defendant acted in good faith and in compliance with the requirements and specifications of its contract with ICE, including but not limited to contractual requirements concerning the Voluntary Detainee Worker Program.

24.     Defendant is not liable to Plaintiffs for any damages, including punitive or liquidated damages, because Defendants did not authorize or ratify the conduct alleged by Plaintiffs.

25.     Defendant denies any willful, wanton, malicious, intentional, or reckless acts or omissions which might entitle Plaintiffs to punitive or liquidated damages.

26.     Defendant denies all liability and denies that Plaintiffs have sustained any damages as a result of Defendant's conduct and/or the conduct of its employees.

27.     To the extent Plaintiffs assert or attempt to assert a claim or cause of action based in whole or in part on alleged facts, acts, or omissions that are outside the applicable statute(s) of limitations, such claim(s) or cause(s) of action is barred and due to be dismissed.

28.     Defendant invokes and reserves all applicable rights and defenses pursuant to Rules 8 and 12 of the Federal Rules of Civil Procedure.

29.     Defendants specifically reserve the right to assert any additional affirmative defenses and any counter claims, cross claims, and/or third party demands it may discover during the course of additional investigation and discovery.

Respectfully submitted this the 23rd day of October 2020.

**COUNSEL FOR DEFENDANT**

*/s/ Jessica L. Marrero*
Jessica L. Marrero, Esq.
THE KULLMAN FIRM
*A Professional Law Corporation*
1100 Poydras Street, Suite 1600
New Orleans, Louisiana 70163-1600
T: 504-524-4162 | F: 504-596-4114
JLM@KullmanLaw.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 23, 2020, I electronically filed the foregoing document with the Clerk of Court using CM/ECF.  I also certify that the foregoing document is being served this day on all counsel of record by U.S. mail and by electronic mail.

_/s/ Jessica L. Marrero_____
**THE KULLMAN FIRM**