# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **DALILA YEEND and** ) | |
| **BOUNNAM PHIMASONE,** ) | |
|     **Plaintiffs,** ) | |
| ) | |
| v. ) | **CASE NO.: 1:20-cv-01281-TJM-CFH** |
| **AKIMA GLOBAL SERVICES, LLC,** ) | |
| **a/k/a AGS,** ) | |
|     **Defendant.** ) | |
| ) | |
| ) | |

### DEFENDANT'S INITIAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Defendant Akima Global Services, LLC ("Defendant"), by and through undersigned counsel, hereby provide the following Initial Disclosures:

### General Statement

This preliminary disclosure it is not intended to represent all evidence that Defendant would present at trial, if there is to be one; rather, this is merely a preliminary disclosure statement, which Defendant may supplement as deemed necessary. The content of this Initial Disclosure Statement represents the information currently known by Defendant to reasonably relate to the Complaint at issue and is therefore provisional and subject to supplementation, amendment, explanation, change, and amplification.

Defendant makes the following disclosure subject to and without waiving its right to protect from disclosure: (a) any and all communications protected by the attorney-client privilege; (b) any and all work product conclusions, opinions, or legal theories of Defendant's attorneys or other representatives concerning this litigation; and (c) any and all confidential information.

1

This Preliminary Statement applies to each and every response provided in this Initial Disclosure Statement and is incorporated by reference as though fully set forth in all responses that follow.  If any part of this Initial Disclosure Statement is ever read to the Court, fairness may require that this Preliminary Statement also be read to indicate that, at the time it was provided, only limited information was applicable.

**Rule 26(a)(1)(ii)**: **Name and address of each individual likely to have discoverable information that disclosing party may use to support its claims or defenses.**

1. **Dalila Yeend**
    c/o Plaintiffs' Counsel of Record

    Ms. Yeend has information concerning the allegations contained in the Complaint.

2. **Bounnam Phimasone**
    c/o Plaintiffs' Counsel of Record

    Mr. Phimasone has information concerning the allegations contained in the Complaint.

3. **Laura Mitchell**
    c/o Defendant's Counsel of Record

    Ms. Mitchell is the President of Akima Global Services, LLC.  Ms. Mitchell has knowledge regarding the allegations contained in the Complaint; Defendant's corporate information; and Defendant's contract with ICE.

4. **Craig Trippany**
    c/o Defendant's Counsel of Record

    Mr. Trippany is the Deputy Project Manager for Defendant's services at the Batavia Federal Detention Facility ("BFDF").  Mr. Trippany has knowledge regarding the allegations contained in the Complaint; Defendant's services and operations at BFDF; and Defendant's obligations under its contract with ICE.

In addition to the individuals identified above, Defendant also reserves the right to call as a witness any witnesses identified in Plaintiff's Initial Disclosures, any additional witnesses identified in the course of discovery, and any witnesses deposed by Plaintiff during the course of this litigation.

**Rule 26(a)(1)(ii)**: **Description by category and location of all documents, data compilations, and tangible things in the possession, custody, or control of the parties which the disclosing party may use to support its claims or defenses.**

1. BFDF Policies regarding the Detainee Voluntary Work Program;

2. Performance Based National Detention Standards ("PBNDS");

3. American Correctional Association Standards ("ACAS").

All listed documents are in the possession of Defendant and/or counsel for Defendant. In addition to the documents identified above, Defendant also reserves the right to rely on any documents identified in Plaintiffs' Initial Disclosures and any additional documents identified and/or obtained by either party in the course of discovery.

**Rule 26(a)(1)(iii):** **Computation of any category of damages claimed by the disclosing party.**

Defendant is not seeking any damages in this action. As the prevailing party, though, Defendant would seek recovery of its costs and reserves the right to seek fees in connection with any baseless claims.

**Rule 26(a)(1)(iv)**: **Any insurance agreement under which any person carrying insurance business may be liable to satisfy a part, or all of a judgment which may be entered in the action or to indemnify or reimburse for payments made to satisfy the judgment:**

Defendant is not presently aware of any insurance policy that covers this matter.

The preceding disclosures express no opinion of and constitute no admission regarding the admissibility of any testimony or documents. Defendant reserves its rights and defenses regarding same. Further, Defendant expressly reserves the right to supplement and/or modify all named witnesses and documents.

Respectfully submitted this the 13th day of November 2020.

        **COUNSEL FOR DEFENDANT**

        */s/ Jessica L. Marrero*
        Jessica L. Marrero, Esq.
        THE KULLMAN FIRM
        *A Professional Law Corporation*
        1100 Poydras Street, Suite 1600
        New Orleans, Louisiana 70163-1600
        T: 504-524-4162 | F: 504-596-4114
        JLM@KullmanLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on November 17, 2020, I provided the foregoing document to all counsel of record by electronic mail.

*/s/ Jessica L. Marrero*
**THE KULLMAN FIRM**