# EXHIBIT B

# CONTICOMMODITY SERVS. v. LEMME

United States District Court for the Southern District of New York

March 3, 1983

No. 82 Civ. 6930 (CBM)

**Reporter**
1983 U.S. Dist. LEXIS 18851 *

CONTICOMMODITY SERVICES INC., Plaintiff against RAY LEMME, Defendant, JEREMIAH AUERBACH, LINDA AUERBACH, FRANKLIN VAN BUREN and SHARON VAN BUREN, Additional Counterclaim Defendants.

**Counsel:** [*1] CHADBOURNE, PARKE, WHITESIDE & WOLFF By: Daniel J. O'Neill, Thomas A. Dubbs, 30 Rockefeller Plaza, New York, New York 10112, for Plaintiff

BLOOM & TESE, By: Howard S. Eilen, 90 Broad Street, New York, New York 10004, for Defendant Lemme

**Opinion by:** MOTLEY

## Opinion

MOTLEY, C.J.

MEMORANDUM OPINION AND ORDER

This action to recover moneys due on account was initiated in state court on October 20 on grounds of diversity of citizenship. The matter is currently before the court upon plaintiff's motion to remand and upon defendant Lemme's cross-motion for leave to file an amended removal petition. For the reasons set forth below, plaintiff's motion for a remand is granted.

The petition filed by Lemme's counsel asserted that Lemme was and is a citizen of the State of New York. Thus, the petition on its face was clearly inadequate to confer removal jurisdiction on this court. See 28 U.S.C. § 1441(b). In response to plaintiff's motion for remand, defendant asserts that he is, in reality, a citizen of New Jersey, not New York. He seeks to amend his removal petition to reflect that fact. Although it is well settled that a petition for removal may be freely amended during the 30 day period [*2] provided for removal under 28 U.S.C. § 1446(b), that time period has long since elapsed.

This court's determination hinges upon the reconciliation of two competing lines of reasoning. Defendant asserts that, inasmuch as the factual underpinnings necessary for federal jurisdiction do, in fact, exist, he should be permitted to amend his petition to assert those facts despite the fact that the 30 day period has elapsed. He claims that amendment should be allowed, subject to the same requirements as any amendment to pleadings is subject.[1] This position finds support in the Eastern District of Kentucky, see, e.g., Stanley Electric Contractors, Inc. v. Darin & Armstrong Co. et al., 486 F. Supp. 769 (E.D. Ky. 1980), and in 14 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure § 3733 (1976).

Plaintiff, however, points out that the vast majority of the case law on this subject is directed toward allowing clarification of jurisdictional allegations which were inartfully drafted and/or the insertion of jurisdictional allegations which were omitted [*3] from the original removal petition. In this District, it has been held that amendment to assert an entirely new ground for removal is not permitted once the time for filing a removal petition has expired. Jacobs v. District Director of Internal Revenue, 217 F. Supp. 104, 105 (S.D.N.Y. 1963).

In the instant case, defendant seeks to do more than merely round out existing allegations which are incomplete in his original petition. Defendant seeks to file an amendment which controverts his original

---

[1] Fed. R. Civ. P. 15(a) provides that leave to amend pleadings "shall be freely given when justice so requires."

petition. Counsel have not cited [2] nor has the court discovered any case law addressing this situation. Nevertheless, defendant's proposed amendment is more analagous to the assertion of an entirely new ground for removal than it is to a clarification or amplification of an ill-pleaded allegation.  Defendant seeks leave to delete a ground for remand and insert in its stead a proper jurisdictional allegation which will provide a ground for removal. The court finds this impermissible.

 [*4]

The burden of establishing the right to a federal forum falls squarely upon the removing party.  *R.G. Barry Corp. v. Mushroom Makers, Inc., 612 F.2d 651, 655 (2d Cir. 1979)*. Defendant herein failed to meet this burden in his petition.  Counsel for defendant filed a verified petition for removal of this action alleging his own client's citizenship inaccurately.  In addition, the petition itself established no right to a federal forum for this action, as even a cursory review of the removal statute would have revealed.Therefore, even if the court were to follow the Eastern District of Kentucky and permit amendment subject to those requirements applied to pleadings, this court would not find that justice required that leave to amend be granted under these circumstances.  See *Fed. R. Civ. P. 15(a)*.

Accordingly, defendant's motion for leave to file an amended removal petition is denied, and plaintiff's motion to remand is granted.The Clerk of this court shall forthwith return any files removed with this case to the Clerk of the Supreme Court for the State of New York for New York [*5]  County.

---

**End of Document**

---

[2] Plaintiff cites *Gobet v. Intercontinental Hotels Corp., 184 F. Supp. 171 (D.P.R. 1960)* as addressing this issue.  However, treatise interpretations of the case notwithstanding, the holding in Gobet was not that inconsistent amendments should not be permitted.  Further, Gobet's facts were clearly distinguishable from those presented here.

Maureen Hussain