# The Kullman Firm

## A Professional Law Corporation

1100 Poydras Street ● Suite 1600 ● New Orleans, LA 70163-1600 ● Telephone: (504) 524-4162

Jessica L. Marrero
Attorney at Law

www.KullmanLaw.com

Direct Line
(504) 596-4137

March 3, 2021

<u>Via ECF</u>
Hon. Thomas J. McAvoy
Federal Building and U.S. Courthouse
15 Henry Street
Binghamton, NY 13901

RE: *Defendant's Response to Plaintiffs' Supplemental Authority Concerning Motion to Remand*

Dear Judge McAvoy:

On March 1, 2021, Plaintiffs submitted a letter brief to the Court (Dkt. 26) in further support of their Motion for Remand (Dkt. 18), claiming that supplemental authority indicates there is no federal policy mandating that federal contractors pay only $1 per day to detainees. In light of Plaintiffs' continued attempt to conflate legal issues and evidentiary standards, Defendants submit that a brief response is warranted.

In their Motion to Remand, Plaintiffs request the Court engage in a merits determination of Defendants' asserted federal defenses without any benefit of discovery. However, as explained in Defendant's Opposition to Plaintiffs' Motion for Remand (Dkt. 21) the relevant issues before the Court are whether Defendant is a federal officer with a *colorable* federal defense and/or whether Plaintiff's claims implicate substantial federal issues.[1] The merits or ultimate success of the proffered federal defense are irrelevant to the Court's jurisdictional inquiry. *See Isaacson v. Dow Chem. Co.*, 517 F.3d 129, 139 (2d Cir. 2008)(reasoning that the removing party must merely assert a claim that is "defensive" and "based in federal law," and arises out of the removing party's compliance with the demands of the federal officer.)

Again, however, Plaintiffs improperly seek to try the merits of this case at the removal stage. In doing so, Plaintiffs have submitted documents and deposition transcripts from ***different cases*** with ***different parties*** operating under ***different contracts*** in what appears to be a desperate attempt to deprive Defendant of its right to adjudicate this case in federal court. Not only are the documents presented as "supplemental authority" wholly irrelevant to the jurisdictional inquiry

---

[1] For purposes of this Response, Defendant limits its argument to Plaintiff's apparent attack on Defendant's ability to raise a colorable federal defense for removal under 28 U.S.C. § 1442. By so limiting its Response, Defendant does not waive or abandon the other grounds for federal jurisdiction raised in its Notice of Removal (Dkt 1) or in its Opposition to Plaintiff's Motion to Remand (Dkt. 21). Defendant reasserts that this Court also has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1332.

Baton Rouge, Louisiana ● Birmingham, Alabama ● Columbus, Mississippi ● Denver, Colorado
Mobile, Alabama ● Memphis, Tennessee ● Tallahassee, Florida

Hon. Thomas J. McAvoy
March 3, 2021
Page 2

presently before the Court, they are inadmissible under the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and applicable jurisprudence.

Indeed, Fed. R. Civ. P. 32 limits the use of depositions taken in other actions to specific circumstances. Rule 32(a) permits a deposition taken in a prior action to "be used in a later action involving the *same subject matter* between the *same parties*, or their representatives or successors in interest, to the same extent as if taken in the later action." Fed. R. Civ. P. 32(a)(8) (emphasis added). The party seeking to make use of depositions under Rule 32(a) bears the burden of establishing that the requirements of the Rule have been met. *U.S. Fid. & Guar. Co. v. Braspetro Oil Servs*. Co., No. 97 CIV. 6124 (JGK)(2000 WL 1886593, at *2 (S.D.N.Y. Dec. 29, 2000).

Similarly, Fed. R. Evid. 804(b)(1) excepts from the rule against hearsay prior deposition testimony in any proceeding "offered *against a party* who had—or, in a civil case, whose predecessor in interest had—an opportunity and similar motive to develop it by direct, cross-, or redirect examination." Fed. R. Evid. 804(b)(1). Thus, "[i]n order to admit prior testimony under Rule 804(b)(1), the proponent has the burden to show by the preponderance of the evidence that (1) the witness is unavailable; (2) the party against whom the testimony is offered is the same as in the prior proceeding; and (3) that that party had the same motive and opportunity to examine the witness." *United States v. Amato*, No. 03-CR-1382 (NGG), 2006 WL 1788190, at *1 (E.D.N.Y. June 26, 2006).

Finally, while the Court is authorized to take judicial notice of documents outside of the pleadings when considering a motion to remand, it may not consider these documents for the purpose which Plaintiffs advance. *See Cook v. Vill. of Hoosick Falls*, No. 118CV0636LEKDJS, 2018 WL 5634685, at *1 (N.D.N.Y. Oct. 30, 2018); *Cabrera v. Schafer*, 178 F. Supp. 3d 69, 73 (E.D.N.Y. 2016). Critically, "a court may only take judicial notice of documents from prior proceedings to establish the fact of such litigation and related filings and *not for the truth of the matters asserted in the other litigation*." *Cabrera*, 178 F. Supp. 3d at 73 (emphasis added).

Here, Plaintiff submits testimony and documentary evidence from other cases involving Geo Group, Inc. – who is not a party in this case and is not affiliated in any way with Defendant – as evidence that there is no "federal policy" concerning the reimbursement amount of detainees participating in ICE's Voluntary Detainee Work Program. In other words, Plaintiffs seek to impute to Defendant the statements and admissions from an entirely separate company operating under its own contract with ICE for a different scope of services and under different contractual requirements. Not only is this additional evidence plainly impermissible under Fed. R. Civ. P. 32, Fed. R. Evid. 804, and applicable jurisprudence, it is wholly irrelevant to Defendant's grounds for removal. Whether Geo Group, Inc. did or was permitted to pay detainees a different amount than the amount mandated in *Defendant's* contract with ICE is immaterial to the Court's exercise of jurisdiction – as is whether there is a universal "federal policy" concerning the *amount* paid to detainees in ICE custody.

Hon. Thomas J. McAvoy
March 3, 2021
Page 3

     Plaintiff's "supplemental authority" is a red herring designed to distract the Court from the purely jurisdictional inquiry at bar. As such, the Court should disregard Plaintiffs' alleged supplemental authority in its entirety.

                              Sincerely,

                              Jessica L. Marrero

JLM/jaj