

HEATHER F. CROW

2915 Kerry Forest Parkway
Suite 101
Tallahassee, FL 32309
MAIN: (850) 296-1953
CELL: (225) 315-6649
FAX: (504) 596-4189
EMAIL: hfc@kullmanlaw.com

April 9, 2024

<u>*Via ECF*</u>

Hon. Christian F. Hummel, U.S.M.J.
James T. Foley U.S. Courthouse
445 Broadway, Room 441
Albany, NY 12207

**RE:** *Yeend et al. v. Akima Global Services, LLC*, 1:20-cv-01281-TJM-CFH

Dear Judge Hummel:

I write on behalf of Defendant, Akima Global Services, LLC ("AGS") to respectfully request a pre-motion conference to address an issue regarding deficient declarations, which the parties have been unable to resolve.

On February 8, 2024, AGS filed a Motion to Dismiss Pursuant to Fed. R. Civ. P. 19(b) and Motion for Summary Judgment Pursuant to Fed. R. Civ. P. 56, therein seeking the dismissal of the Plaintiffs' claims. (ECF No. 117.) In response, Plaintiffs filed an Opposition (R. Doc. 129), to which they attached, *inter alia*, several declarations, four of which are at issue here: those of Jeyder Lopez Sandoval, Rigoberto Antonio Chavez Gonzalez, Matthew Quammie, and Barrington Walker (hereinafter "the declarations"). As explained below, the declarations are variously deficient in several respects, including being made by belatedly disclosed witnesses; containing significant conclusory and hearsay statements; and translations that do not comply with the standards in this Circuit. AGS respectfully requests a pre-motion conference in order to resolve the dispute between the parties at a time convenient for the Court, or in the alternative, AGS seeks leave to file a motion to strike.

## Legal Argument

"[O]nly admissible evidence need be considered on summary judgment." *Raskin v. Wyatt Co.*, 125 F.3d 55, 66 (2nd Cir.1997).[1] "An affidavit or declaration used to support or oppose a

---

[1] Because a decision on a motion to strike may affect a party's ability to prevail on summary judgment, it is appropriate to consider the motion to strike prior to ruling on a motion for summary judgment. *Rund v. JPMorgan Chase Grp. Long Term Disability Plan*, No. 10 CIV. 5284 LAP, 2012 WL 1108003, at *1 (S.D.N.Y. Mar. 30, 2012), citing to *Century Pacific, Inc. v.*

THE KULLMAN FIRM • A Professional Law Corporation | kullmanlaw.com

Baton Rouge, LA • Birmingham, AL • Columbus, MS • Denver, CO • Los Angeles, CA • Memphis, TN
Mobile, AL • Nashville, TN • New Orleans, LA • San Francisco, CA • Tallahassee, FL

motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

### A. The Declarations of Lopez Sandoval, Chavez Gonzalez, Quammie, and Walker are replete with inadmissible statements and should be stricken.

"A court . . . may strike portions of an affidavit that are not based upon the affiant's personal knowledge, contain inadmissible hearsay or make generalized and conclusory statements." *Saniteq, LLC v. GE Infrastructure Sensing, Inc.*, No. CV17771SJFARL, 2018 WL 4522107, at *6–7 (E.D.N.Y. July 12, 2018), report and recommendation adopted, No. 17-CV-771 (SJF)(ARL), 2018 WL 4357475 (E.D.N.Y. Sept. 13, 2018). "One's belief alone is not enough upon which to make a declaration, nor is knowledge alone sufficient; the Federal Rules require personal knowledge." *Peters v. Molloy Coll. of Rockville Ctr.*, No. CV 07-2553 DRH ETB, 2010 WL 3170528, at *2 (E.D.N.Y. Aug. 10, 2010).

Hearsay is likewise inadmissible.[2] *See Tubo v. Orange Reg'l Med. Ctr.,* No. 13-CV-1495 NSR, 2015 WL 5945853, at *10 (S.D.N.Y. Oct. 13, 2015), aff'd, 690 F. App'x 736 (2nd Cir. 2017) (refusing to consider inadmissible hearsay evidence on a summary judgment motion); *Patterson v. Cnty. of Oneida, N.Y.,* 375 F.3d 206, 219 (2d Cir. 2004) ("Rule 56(e)'s requirement that the affiant have personal knowledge and be competent to testify to the matters asserted in the affidavit also means that an affidavit's hearsay assertion that would not be admissible at trial if testified to by the affiant is insufficient to create a genuine issue for trial.") Furthermore, where a declaration is filled with conjecture, legal argument, and opinion testimony, it should be disregarded. *Saniteq, supra.*

The declarations contain numerous vague, conclusory, or speculative statements that lack foundation, are not based upon personal knowledge, constitute inadmissible lay opinions, and/or are based upon inadmissible hearsay. Accordingly, the declarations in their entirety, or at a minimum the inadmissible portions, should be stricken.

### B. The Quammie, Chavez Gonzales, and Walker Declarations were belatedly produced and identified, and thus, such Declarations should be stricken.

Plaintiffs produced three of the subject declarations (Quammie, Chavez Gonzales, and Walker) to AGS on the evening of September 28, 2023, just one business day before the close of discovery on October 1, 2023. (R. Doc. 111.) That same night, Plaintiffs provided Rule 26(e) Supplemental Disclosures in which they identified those individuals for the very first time. As a result of Plaintiffs' dilatory identification of these individuals and production of their

---

*Hilton Hotels Corp.*, 528 F. Supp. 2d 206, 213 (S.D.N.Y. 2007).

[2] To the extent that Plaintiffs contend certain of the objected-to hearsay statements are admissible as admissions, they must show that the statements were either made by someone who was authorized by AGS to make the statement or were made by an AGS employee on a matter within the scope of his employment relationship. Fed. R. Evid. 801(d)(2). The bare statements in the declarations do not suffice to show that such statements meet either of these criteria.

declarations, AGS was not afforded the opportunity within which to cross-examine them or determine what additional information they may know and to question them regarding the falsities and ambiguities in their Declarations. The Declarations should thus be stricken and not considered for purposes of AGS's pending Motions. *See Jankovic v. Int'l Crisis Grp.,* 72 F. Supp. 3d 284, 317–18 (D.D.C. 2014), aff'd, 822 F.3d 576 (D.C. Cir. 2016) (refusing to "allow the plaintiff to subvert the discovery process" by using "declarations to oppose the defendant's motion for summary judgment," where the defendant did not have the opportunity to cross-examine the declarants); *Plains Pipeline, L.P. v. Great Lakes Dredge & Dock Co.,* 54 F. Supp. 3d 586, 590–91 (E.D. La. 2014) (granting Motion to Strike Declaration where the declarant was not available for deposition such that there was no opportunity to cross-examine him).

### C. The Lopez Sandoval and Chavez Gonzales Declarations are translations that are not properly certified and should be stricken.

The Lopez Sandoval and Chavez Gonzales declarations both purport to be English statements made by Spanish-speaking declarants and include the unsworn (and, in turn, inadmissible) statements of their counsel to that effect, nor do they include the originals in the native language. *See* R. Doc. 129-14, p. 10. In the context of summary judgment motions, such declarations are improper and should be stricken. *See Heredia v. Americare, Inc.*, No. 17 CIV. 06219 (RWL), 2020 WL 3961618 (S.D.N.Y. July 13, 2020), in which the Court refused to consider declarations that did not include translations of the declarant's native language. In doing so, the Court noted that, "in the context of summary judgment, where the admissibility of evidence is of particular concern, the Court declines to look past" such improprieties. *Id. See also, Tangtiwatanapaibul v. Tom & Toon Inc.*, No. 17 CIV. 00816 (LGS), 2018 WL 4405606 (S.D.N.Y. Sept. 17, 2018),

### *Discussions Among Counsel*

On April 5, 2024, counsel for the parties conducted a Rule 37 meeting to confer regarding the dispute; however, the parties have reached an impasse. Accordingly, Defendant AGS respectfully requests a pre-motion conference in order to resolve the dispute between the parties at a time convenient for the Court, or in the alternative, leave to file a motion to strike.

Sincerely,

**/s/ Heather F. Crow**

HFC/dml

Heather F. Crow